IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WARREN LORENZO ORR,

  Plaintiff,

v.    CV 420-122

DISTRICT ATTORNEY MEG HEAP;
DETECTIVE KEVIN FIKES; and
ASSISTANT DISTRICT ATTORNEY
DONNA SIMS,

  Defendants.

O R D E R

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 6.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such

relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed.

## I. BACKGROUND

Plaintiff's Statement of Claim does not clearly set forth factual allegations supporting his claims. From the Complaint, it appears that he was charged with a crime as he states that he "was put in a situation where I had to defend myself for my life" and that he now faces twenty-five years in prison.[1] (Compl., Doc. No. 1, at 4-5.) Plaintiff also lists a number of dates on which he had court hearings and states that he had no lawyer at any of them. (Id. at 5.) This appears to be the basis of his claims. Finally, Plaintiff describes a number of health conditions allegedly caused by his imprisonment. (Id.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is

---

[1] It is not clear what stage Plaintiff's prosecution had reached when he filed this case. Later in the Complaint he states that he is a pre-trial detainee. (Compl. at 4.) Plaintiff submitted a letter to the Court postmarked May 24, 2021 stating that he "took a deal." (Doc. No. 7.)

frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Plaintiff does not allege any facts connecting any of the Defendants with the constitutional violations he allegedly suffered. The Defendants are mentioned nowhere outside the caption and information section on the form civil rights complaint Plaintiff used. This alone would warrant dismissal. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (upholding dismissal of defendants where complaint failed to allege facts associating defendants with a constitutional violation).

Plaintiff's claims against Defendants Sims and Heap of the state district attorney's office would also fail because they enjoy prosecutorial immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated

4

with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted). As Plaintiff's claims against Defendants Sims and Heap apparently rest on their actions taken as prosecutors, they are immune from liability under § 1983. Thus, Plaintiff has failed to state a valid claim against them.

Finally, it appears that Plaintiff may be attempting a collateral attack on his criminal case. If so, a Section 1983 action is not the appropriate vehicle to do so. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same).

5

## IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to state any arguably viable claims in his pleadings.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE